The opinion of the court was delivered by
Tilghman, C. J.
The proceedings in this case have been brought before us by a certiorari, and the objection to them is, that the improvements in the land through which the road passes, are not designated on the draught accompanying the report of the viewers. On inspecting the record, we perceive that the improvements are not laid down on the draught, but the report of the viewers, at the foot of which, and on the same paper is the draught, gives every course and distance of the road, and mentions particularly, the name .of each person through which each course runs, and the *84 nature of the land, whether improved or not; so that by accompanying the report with the draught, which indeed I consider as part of it, the court has information of all the improvements. The act of assembly (April 6th, 1802, 3 Sm. L. 512, sect. 1,) directs, that the viewers shall make- the report of the road which they have laid out, “ stating particularly whether they judge the same necessary for a public or private road, together with a plot or draught thereof, and the courses and distances, and references to the improvements through which it may pass, to the next Court of Quarter Sessions.” It appears to me, that the act will be satisfied, if upon tbe whole report, including the draught, the object of which is to elucidate the writing to which it is annexed, the court receive information of the improvements through which the road passes. After all, the court will generally find it necessary to call in parol evidence; for it is scarcely possible for any report, or draught, to give them so perfect a knowledge of the improvements as could be wished. A house, an orchard, or a meadow, may be laid down on the draught, but their quality will not appear. . The counsel against the road relied on the case of the Schuylkill Falls road, (3 Binn. 250;) but that case is by no means decisive of the point for which it is cited. All which was there decided, was, that it was sufficient, if the improvements were laid down on the draught, without being mentioned in the written report; but, whether it would not be sufficient to mention them in the report, without designating them on the draught, was not decided. The point is open, therefore, and I understand that it has been very, common for the viewers to describe the improvements in the written report, without having them laid down on the draught. Tbe best way would be, for the Courts of Quarter Sessions, to direct the viewers to give reference to the improvements, both in the report and the draught; but I cannot say that the law obliges them to do so, or that the proceedings are erroneous where it is not done.
It is the opinion of the court, that in the present instance the improvements have been sufficiently referred to, to satisfy the directions of the act of assembly, and therefore they should be confirmed.
Proceedings confirmed.-